

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. L. D. Ratliff, Jr.
County Attorney
Dickens County
Spur, Texas

Dear Sir:                          Opinion No. O-2406
                                   Re: Assessed valuation of shares
                                       of stock in state bank.

From your letter of May 21, 1940, we quote as follows:

"Our local (state) bank has 500 shares of
stock, with an actual cash value of $100 per
share, making a total of $50,000. The real es-
tate belonging to said bank has been assessed
at $26,375.00. There is no controversy as to
these matters. The bank has rendered its shares
of stock in the following manner. It first takes
65% (which is the percentage that the Court tries
to assess all property in Dickens County) of the
$50,000, the results being $32,500. From this last
amount it subtracts the assessed valuation of its
real estate, namely, $26,375, the results being
$6,125.00, the amount at which the total number of
shares has been rendered by the bank.

"On the other hand, the Commissioners Court
contends that from the $50,000 (actual cash value
of the total number of shares) there should be sub-
tracted the $26,375 assessed valuation of the real
estate, the results being $23,625, and that 65% of
this last figure, or, $15,362.25 should be the
amount at which the total number of share should
be rendered for taxes."

You request enr opinion as to which of the methods
thus suggested in arriving at the valuation to be placed upon

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. L. D. Ratliff, Jr., Page 2


the stock is the correct one, and if neither is correct, then
to advise the proper method of valuing such shares for taxation.

Article 7164, Civil Statutes, provides in part:

"Art. 7164.  Rendition of real estate.

"Persons listing or rendering real estate
shall make a statement, duly signed and under
oath, which shall truly and distinctly set forth:

"1. The name of the owner, abstract number,
number of survey, the number of the certificate,
the name of the original grantee, the number of
acres, and the true and full value thereof.

"2. The number of the lot and block and the
true and full value thereof, together with the
name of the town or city.

"3. When the name of the original grantee,
or abstract number, or number of certificate, or
number of survey is unknown, say 'unknown,' and
give such description so that land or lot can be
identified and the true and full value thereof
can be determined.  Id."

Article 7165, Revised Civil Statutes, then requires
that every bank, etc., shall make out and furnish the assessor
of taxes a sworn statement showing, "....(5) All other property
belonging or appertaining to said bank or business, including
both personal property and real estate, shall be listed as
other personal property and real estate."

Then Article 7166, Civil Statutes, reads as follows:

"Art. 7166. Assessment of real estate by banks.

"Every banking corporation, State or national,
doing business in this State shall, in the city or
town in which it is located, render its real estate
to the tax assessor at the time and in the manner
required of individuals.  At the time of making
such rendition the president or some other officer
of said bank shall file with said assessor a sworn
statement showing the number and amount of the shares
of said bank, the name and residence of each share-
holder, and the number and amount of shares owned by

Hon. L. D. Ratliff, Jr., Page 3

him, Every shareholder of said bank shall, in the city or town where said bank is located, render at their actual value to the tax assessor all shares owned by him in such bank; and in case of his failure so to do, the assessor shall assess such unrendered shares as other unrendered property. Each share in such bank shall be taxed only for the difference between its actual cash value and the proportionate amount per share at which its real estate is assessed. The taxes due upon the shares of banking corporations shall be a lien thereon, and no banking corporation shall pay any dividend to any shareholder who is in default in the payment of taxes due on his shares; nor shall any banking corporation permit the transfer upon its books of any share, the owner of which is in default in the payment of his taxes upon the same. Nothing herein shall be so construed as to tax national or State banks, or the shareholders thereof, at a greater rate than is assessed against other moneyed capital in the hands of individuals. Acts 1885, p. 106; G. L. Vol. 9, p. 726."

Under the statutes, including the above, and applicable constitutional provisions, including Article 8, Section 1, and Article 8, Section 20, we think it is clearly contemplated that all property subject to ad valorem taxation shall be assessed at its fair cash market value. Considering such to be true, we think it plain that in Article 7166, wherein it is said that, "Each share in such bank shall be taxed only for the difference between its actual cash value and the proportionate amount per share at which its real estate is assessed," it was contemplated that the real estate should have been assessed at its actual cash market value. As we understand from your letter, 65% of the actual cash value of the land is $26,375.00. The total cash value would be $40,577.00. The difference between that amount and the total value of the shares is $9,423.00, and that represents the total taxable value of the shares. However, it appears that in your County, the Board of Equalization systematically assesses property at 65% of its actual cash value. Such being true, there can be no discrimination, but this percentage must be applied uniformly. Lively vs. M.K.&T. Ry. Co., 120 S. W. 852. Hence, the valuation fixed upon said 500 shares should be 65% of $9,423.00, or $6,124.95.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

APPROVED JUN 8, 1940

FIRST ASSISTANT
ATTORNEY GENERAL
GRL/cc

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN